IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1:10-CR-335
:
v. :
:
**HECTOR ORLANDO CERNA-RIVAS**:

## **M E M O R A N D U M**

**I.** **Background**

Before the court is Hector Orlando Cerna-Rivas's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from a final judgment entered on June 18, 2012 (Doc. 43). Cerna-Rivas claims that the judgment was faulty because this court failed to liberally construe the motion and that this court failed to have an evidentiary hearing on the motion.

In Cerna-Rivas' original § 2255 motion, he claimed that his counsel was incompetent for (1) not arguing that his sentence should not exceed 24 months,[1] and (2) for not arguing that he should get the benefit of a fast track variance. Cerna-Rivas further claimed that he was unaware that his sentence could exceed 24 months, otherwise he would not have plead guilty.

Based on the record before the court, in the memorandum and order ruling on Cerna-Rivas' § 2255 motion, Cerna-Rivas was held to have been fully aware that his sentence could exceed 24 months. He was advised that his maximum sentence could be ten years or possibly 20 years, depending on his prior convictions. His own counsel opined that his guideline sentence could be 41 to 51 months. This

---

[1] Cerna-Rivas received a sentence of 46 months incarceration.

court also held that counsel argued in her sentencing memorandum that Cerna-Rivas should not receive a 16 level increase for a crime of violence and that he be given the benefit of the fast track program. The record in this case clearly refuted Cerna-Rivas claims as stated in his motion pursuant to 28 U.S.C. § 2255, and thus, this court denied the § 2255 motion without a hearing.

**II.         Liberal Construction of the Motion**

In the Rule 60(b) motion (Doc. 43), Cerna-Rivas does not set forth how or why his petition should be liberally construed so as to refute this court's disposition of his § 2255 motion. Cerna-Rivas's offense level was 8. Prior to his deportation in November of 2007, he was convicted on March 5, 2007 of second degree assault which increased his offense level by 16. This gave Cerna-Rivas a total offense level of 21, with a criminal history category of III, resulting in a guideline range of 46 to 57 months.

Perhaps Cerna-Rivas's request for a liberal construction could be the elimination of the 16 level increase which his counsel did raise. Under USSG § 221.2(b)(1)(A)(ii), however, he clearly deserved the 16 level increase.

**III.         Evidentiary Hearing**

Under Rule 8 of the Rules Governing Section 2255 Proceedings, a judge must decide whether an evidentiary hearing is warranted. In this case, the record before the court conclusively shows that there are no issues of material fact and the record conclusively shows that Cerna-Rivas is not entitled to relief. *United States v. Lilly*, 536 F.3d 190, 197 (3d Cir. 2008).

**IV.**     **<u>Conclusion</u>**

       For the reasons stated above, the motion filed pursuant to Federal Rule of Civil Procedure 60(b) will be denied.  An appropriate order will be issued.


                                                    s/Sylvia H. Rambo
                                                  United States District Judge

Dated:  February 7, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:10-CR-335**
:
**v.** :
:
**HECTOR ORLANDO CERNA-RIVAS**:

## **O R D E R**

AND NOW, this 7th day of February, 2013, **IT IS HEREBY ORDERED THAT** the motion filed pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 43) is **DENIED.**

                                                         s/Sylvia H. Rambo
                                                       United States District Judge